UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |
|---|---|
| LORI E. MORGAN o/b/o JOSEPH NATHANIEL MORGAN (deceased), | |
| Plaintiff, | Case No. 1:14-cv-1262 |
| v. | Honorable Robert J. Jonker |
| COMMISSIONER OF SOCIAL SECURITY, | |
|  | **REPORT AND RECOMMENDATION** |
| Defendant. | |

This is a social security action brought under 42 U.S.C. § 405(g) seeking review of a final decision of the Commissioner of Social Security finding that Joseph Nathaniel Morgan was not entitled to disability insurance benefits (DIB). On March 23, 2012, Mr. Morgan filed his application for DIB benefits. He alleged a March 1, 2009, onset of disability. (PageID.243-49). His disability insured status expired on June 30, 2012. Thus, it was plaintiff's[1] burden to submit evidence demonstrating that he was disabled on or before June 30, 2012. *See Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990).

Plaintiff's claim was denied on initial review. (PageID.159-67). On April 1, 2014, he received a hearing before an administrative law judge (ALJ), where he was

---

[1] "Plaintiff" refers to Mr. Morgan. Mrs. Morgan is seeking judicial review of the Commissioner's decision on her late husband's behalf.

represented by an attorney. (PageID.131-56). On April 10, 2014, the ALJ issued a decision finding that plaintiff was not disabled. (PageID.115-26). On October 2, 2014, the Appeals Council denied review (PageID.24-26), and the ALJ's decision became the Commissioner's final decision.

Mr. Morgan died on August 9, 2014. On December 8, 2014, his widow, Lori Morgan, filed this lawsuit seeking judicial review of the Commissioner's decision denying Mr. Morgan's claim for DIB benefits. Plaintiff asks the court to overturn the Commissioner's decision on the following grounds:

1. The ALJ committed reversible error by not properly considering evidence generated after plaintiff's date last disability insured.

2. The ALJ committed reversible error by finding that plaintiff could perform light work through his date last disability insured, especially in light of plaintiff's use of a cane.

3. The ALJ committed reversible error by assigning improper weight to the opinion of a non-examining physician.

4. The ALJ committed reversible error by relying upon improper boilerplate language.

(Statement of Errors, Plf. Brief at 13, ECF No. 11, PageID.750). I recommend that the Commissioner's decision be affirmed.

## Standard of Review

When reviewing the grant or denial of social security benefits, this Court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "'such relevant evidence

as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007).

The scope of the Court's review is limited. *Buxton*, 246 F.3d at 772. The Court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Ulman v. Commissioner*, 693 F.3d 709, 713 (6th Cir. 2012); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Gayheart v. Commissioner*, 710 F.3d 365, 374 (6th Cir. 2013)("A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would have supported the opposite conclusion.").

## **The ALJ's Findings**

The ALJ found that plaintiff met the disability insured requirement of the Social Security Act from March 1, 2009, through June 30, 2012, but not thereafter. (Op. at 3, PageID.117). He had not engaged in substantial gainful activity during the period from his alleged onset date of March 1, 2009, through his date last insured, June 30, 2012. (*Id.*). Through his date last disability insured, plaintiff had the following severe impairments: "hypertension, headaches, degenerative disc disease, and gout." (*Id.*). He did not have an impairment or combination of impairments that met or equaled the requirements of the listing of impairments. (*Id.*).

The ALJ found that Mr. Morgan retained the residual functional capacity (RFC) for a full range of light work. (Op. at 4, PageID.118). The ALJ found that plaintiff's testimony regarding his subjective functional limitations was not fully credible. (*Id.* at 4-10, PageID.118-24). The ALJ found that, through his date last insured, plaintiff was not able to perform any past relevant work. (*Id.* at 11, PageID.125). Plaintiff was 49 years old as of his alleged onset of disability and 52 years old as of his date last disability insured. He was classified as a younger individual through June 9, 2010, and after that date was classified as an individual closely approaching advanced age. (*Id.*). He had a high school education and was able to communicate in English. (*Id.*). The ALJ found that Mr. Morgan was not under a disability, as defined in the Social Security Act, at any time from his alleged

onset of disability on March 1, 2009, through June 30, 2012, his date last disability insured.  (*Id.* at 11-12, PageID.125-26).

## Discussion

It was plaintiff's burden to submit evidence demonstrating that he was disabled during the period at issue:  March 1, 2009, through June 30, 2012.  *See Moon v. Sullivan*, 923 F.2d at 1182.  It was his burden to submit medical evidence in support of his claim for DIB benefits.  *See Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993).  Plaintiff presented little medical evidence from the period at issue.  He supplied no medical records, for example, for the period from his alleged onset of disability through February 3, 2010.  (Op. at 7, PageID.121).  It is undisputed that "no treating or examining physician, psychiatrist or therapist [] noted any specific limitations or restrictions."  (Op. at 10, PageID.124).  This includes the opinions of all the physicians who treated plaintiff's episodes of gout, lower back pain, headaches, and hypertension.  It is against this backdrop that plaintiff's arguments are considered.

**1.**

Plaintiff argues that the ALJ committed reversible error by not properly considering medical evidence generated *after* his date last disability insured. (Plf. Brief at 13-15, PageID.750-52; Reply Brief at 1-2, PageID.772-73). Evidence from outside the disability insured period is "minimally probative" and is considered only to the extent that it illuminates the plaintiff's condition during the period at issue. *See Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988); *Siterlet v. Secretary of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987).

Plaintiff does not dispute that the ALJ's opinion discussed the medical evidence generated after the date last insured (Plf. Brief at 14, PageID.751; *see* Op. at 9-10, PageID.123-24), but plaintiff believes that the ALJ's opinion should have included a more extensive discussion of that evidence. This is not a basis for disturbing the Commissioner's decision. "[A]n ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite specific evidence does not indicate that it was not considered." *Daniels v. Commissioner*, 152 F. App'x 485, 489 (6th Cir. 2005); *see Boseley v. Commissioner*, 397 F. App'x 195, 199 (6th Cir. 2010). The ALJ is responsible for weighing medical opinions. *See Buxton*, 246 F.3d at 775; *see also Reynolds v. Commissioner*, 424 F. App'x 411, 414 (6th Cir. 2011) ("This court reviews the entire administrative record, but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ."); *accord White v. Commissioner*, 572 F.3d 272, 284 (6th Cir. 2009).

Plaintiff's disability insured status ended on June 30, 2012. No treating or examining physician who provided care after that date offered a medical opinion regarding plaintiff's functional restrictions during the period plaintiff was disability insured.

Plaintiff's statement that there was no evidence of any intervening event regarding plaintiff's back impairment (Plf. Brief at 13, PageID.750) is inaccurate. On June 1, 2013, roughly a year after plaintiff's date last disability insured, he appeared at the emergency room at Mercy Health Saint Mary's hospital. Plaintiff reported that he had been "[p]ushed into pallets [at] work on Thursday, [and he was] now experiencing pain in [his] lower back and bil[ateral] knees." (PageID.626). Further, plaintiff stated that he did not use a cane often. He only used it "during back pain and gout flare ups." (PageID.628). A CT scan failed to reveal any acute displaced fracture of the lumbar spine. Evidence of spondylosis was noted. (PageID.631). Plaintiff was diagnosed with "[b]ack pain status post injury." (PageID.630). He was sent home with prescriptions for pain medication and was advised to follow-up with his primary care provider. (*Id.*).

On July 15, 2013, plaintiff sought treatment by Patrick Ronan, M.D. It does not appear that he made any mention of a June 2013, work-related injury involving pallets. Plaintiff's straight leg raising tests were normal. His muscle strength and gait were normal. Dr. Ronan indicated that plaintiff's CT scan showed degenerative changes and a disc protrusion to the right of L5-S1. He also noted what appeared to be a degree of disc bulging to the left laterally at L5. Plaintiff related that he was

very interested in surgical intervention because he had tried conservative treatment before without remarkable success. Dr. Ronan indicated that he would send plaintiff for a MRI of the lumbosacral spine and set up an appointment with Joseph Brown, D.O. (PageID.710-11).

Plaintiff underwent the MRI on July 19, 2013. It was interpreted as showing, among other things, a broad-based disc herniation at L4-5, and at L5-S-1, "spondylolisthesis, annular disc bulge, large right paramedian disc extrusion impinging on the right S1 nerve root, impinging on the exiting L5 nerve roots, [and] degenerative disc disease."[2] (PageID.713). On August 13, 2013, plaintiff told Dr. Brown that he had a gradual onset of back pain. There is no evidence that plaintiff advised Dr. Brown of his then-recent work-related injury. (PageID.708-09).

I find no error in the ALJ's consideration to the medical evidence generated after plaintiff's date last disability insured.

---

[2] A CT scan of plaintiff's chest on August 9, 2013, returned abnormal results (PageID.620), which led to the discovery of plaintiff's cancer (PageID.143, 150, 453, 463, 479).

**2.**

Plaintiff argues that the ALJ committed reversible error by finding that plaintiff retained the RFC for light work through his date last disability insured. (Plf. Brief at 14-16, PageID.751-53; Reply Brief at 3-4, PageID.774-75). RFC is an administrative issue reserved to the Commissioner. 20 C.F.R. §§ 404.1527(d)(2), (3). Plaintiff's burden on appeal is much higher than identifying pieces of evidence on which the ALJ could have made a factual finding in his favor. The Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ. *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003).

Plaintiff argues that gout could account for need to use a cane, even though there was not an explicit statement by a doctor that a cane was necessary. (Plf. Brief at 15, PageID.752; Reply Brief at 4, PageID.775). The ALJ carefully considered and rejected plaintiff's attorney's arguments that Mr. Morgan's RFC as of his date last disability insured was limited to sedentary work: "The claimant's representative suggested that the claimant should be limited to sedentary exertion work based on his inability to stand due to back pain and gout. The claimant testified that he needed to use a cane or crutches to walk (Hearing Testimony). He claimed that Dr. Ashmead recommended a cane. However, the records include no evidence that Dr. Ashmead provided a prescription for a cane or made any such recommendation. . . . The medical records include no medical findings consistent

with the claimant's asserted difficulties with sitting, standing, or walking until after the DLI, when he returned to the orthopedic specialist for worsening chronic back pain." (Op. at 10, PageID.124).

RFC is the most, not the least, a claimant can do despite his impairments. 20 C.F.R. § 404.1545(a)(1); *see Branon v. Commissioner*, 539 F. App'x 675, 677 n.3 (6th Cir. 2013); *Griffeth v. Commissioner*, 217 F. App'x 425, 429 (6th Cir. 2007). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. at 401. The ALJ's factual finding that plaintiff retained the RFC for light work during the disability insured period at issue is supported by more than substantial evidence.

### 3.

Plaintiff argues that the ALJ committed reversible error by assigning improper weight to the opinion of a non-examining physician. (Plf. Brief at 15, PageID.752; Reply Brief at 4, PageID.775). He argues that "since the non-examining physician never saw evidence after August 6, 2012, his opinion could not be used to support the ALJ's decision denying benefits." (Plf. Brief at 16, PageID.753).

Plaintiff is incorrect. It bears repeating that in this case "no treating or examining physician, psychiatrist or therapist [] noted any specific limitations or restrictions." (Op. at 10, PageID.124). Plaintiff's disability insured status expired on June 30, 2012. On August 6, 2012, 37 days after plaintiff's disability insured

- 10 -

status expired, Howard Bronstein, M.D., reviewed the evidence and offered his opinion that plaintiff did not have any exertional, postural, or manipulative limitations. He did not rely on any opinion expressed by the single decisionmaker. Dr. Bronstein did express his agreement with the RFC restrictions that had been previously suggested. (PageID.422).

The ALJ declined to give significant weight to Dr. Bronstein's opinion because he failed to discuss the orthopedic and lumbar imaging records dating back to 2007. (Op. at 10, PageID.124). Nonetheless, the ALJ determined that Dr. Bronstein's opinion was entitled to "some weight." (Op. at 10, Page ID 124). Among other things, the ALJ noted that state agency medical consultants are highly qualified physicians who are experts in the evaluation of medical issues in disability claims. The ALJ found that Dr. Bronstein's findings corresponded to plaintiff's mostly normal examination findings, particularly prior to his date last disability insured. (Op. at 10, PageID.124).

The ALJ was required to consider the opinion provided by the non-examining state agency consultant. 20 C.F.R. § 404.1527(e). Here, the ALJ found that the opinion was entitled to some weight. "Social Security regulations recognize that opinions from non-examining state agency consultants may be entitled to significant weight, because these individuals are highly qualified and are experts in Social Security disability evaluation." *Ferrell v. Commissioner*, No. 1:14-cv-1232, 2016 WL 316724, at *5 (W.D. Mich. Jan. 27, 2016) (citation and quotations omitted); *see Downs v. Commissioner*, No. 15-3122, __ F. App'x __, 2016 WL 97641, at * 3 (6th Cir. Jan. 8,

2016); *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994); *see also Brooks v. Commissioner*, 531 F. App'x 636, 642 (6th Cir. 2013) ("[I]n appropriate circumstances, opinions from State agency medical and psychological consultants ... may be entitled to greater weight than the opinions of treating or examining sources."). The ALJ did not commit error in the limited weight he gave to Dr. Bronstein's opinion.

**4.**

Plaintiff argues that the ALJ committed reversible error by relying on improper boilerplate language in making his credibility determination. (Plf. Brief at 17, PageID.754). The Court does not make its own credibility determinations. *See Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997); H*arris v. Commissioner*, 598 F. App'x 355, 360 (6th Cir. 2015); *Keeton v. Commissioner*, 583 F. App'x 515, 533 (6th Cir. 2014).

Credibility determinations concerning a claimant's subjective complaints are peculiarly within the province of the ALJ. *See Gooch v. Secretary of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987). It is the ALJ's function to determine credibility issues. *See Siterlet v. Secretary of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987). "Claimants challenging the ALJ's credibility determination face an uphill battle." *Daniels v. Commissioner*, 152 F. App'x 485, 488 (6th Cir. 2005); *see Ritchie v. Commissioner*, 540 F. App'x 508, 511-12 (6th Cir. 2013).

The Sixth Circuit recognizes that meaningful appellate review requires more than a blanket assertion by an ALJ that "the claimant is not believable." *Rogers v. Commissioner*, 486 F.3d 234, 248 (6th Cir. 2007). The *Rogers* court observed that Social Security Ruling 96-7p requires that the ALJ explain his credibility determination and that the explanation "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Id.* at 248.

Plaintiff focuses on a single sentence[3] extracted from the portion of the ALJ's opinion discussing credibility and argues that it is "boilerplate" warranting reversal. (Plf. Brief at 16-17, PageID.753-54). Plaintiff's burden on appeal is higher than a dismissive labeling of a small fragment of the ALJ's factual finding regarding credibility. S*ee, e.g.*, *Ralph v. Commissioner*, No. 1:15-cv-90, 2016 WL 74422, at *7 (W.D. Mich. Jan. 6, 2016); *Morris v. Commissioner*, No. 1:14-cv-1036, 2015 WL 9810982, at * 5 (W.D. Mich. Dec. 16, 2015); *Sutton v. Commissioner*, 1:14-cv-1112, 2015 WL 7738355, at * 7 (W.D. Mich. Dec. 1, 2015). Here, the ALJ gave a lengthy, and detailed explanation why he found that the testimony regarding the plaintiff's functional limitations as of his date last disability insured was not credible. (*See* Op. at 5-10, PageID.119-24). The ALJ's factual finding regarding credibility easily passes appellate review under the deferential substantial evidence standard.

---

3 "After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." (Op. at 5, PageID.119).

## **Recommended Disposition**

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.


Dated: February 9, 2016        /s/   Phillip J. Green
                               United States Magistrate Judge


## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.   28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).   All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).   Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).   General objections do not suffice.   *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).